IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRICIA HOAG | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:10-cv-00025 |
| | ) | JUDGE HAYNES |
| ERIC K. SHINSEKI, SECRETARY OF | ) | |
| THE UNITED STATES DEPARTMENT OF | ) | |
| VETERAN AFFAIRS,[1] AND | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER

Patricia Hoag, Plaintiff, filed this action under 28 U.S.C. §1346(a)(2) against the

Defendants, Eric Shinseki, Secretary of the United States Department of Veteran Affairs and the

United States of America. Plaintiff's claims are that the Department of Veteran Affairs failed to

honor a contract to sell real estate to Plaintiff for which Plaintiff seeks specific performance or

alternatively, damages. (Docket Entry No. 1, Complaint, at p.7). Plaintiff amended her complaint

to include a claim under the Federal Declaratory Judgment statutes. (Docket Entry No. 14). The

value of the land in dispute is $45,000. (Docket Entry No. 1 at ¶27).

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 12) contending

that the Court lacks jurisdiction over these claims for specific performance against the United

States under 28 U.S.C. §1346(a)(2). Plaintiff concurs on the lack of jurisdiction and moves to

transfer this action to the Court of Federal Claims. (Docket Entry No. 15)

---

[1] Plaintiff incorrectly spelled Secretary Eric Shinseki's name in the complaint as "Shinskei." (Docket Entry No. 1).
Both parties have continued to use the incorrect spelling in their filings. The Court will use the correct spelling:
"Shinseki."

For a contract claim against the federal government over $10,000 the Court of Federal Claims has exclusive jurisdiction. Matthews v. United States, 810 F.2d 109, 111 (6th Cir.1987); 28 U.S.C.A. §1346(a)(2); 28 U.S.C. §1491.

This Circuit has held that the Declaratory Judgment Act is not a sufficient basis to provide independent jurisdiction over a claim. Michigan S. R.R. v. Branch & St. Joseph Counties Rail Users Ass'n, 287 F.3d 568, 575 (6th Cir. 2002) ("It is well-settled that the Declaratory Judgment Act cannot serve as an independent basis for federal subject matter jurisdiction.").

Given the Court's lack of jurisdiction, the Defendant's motion to dismiss (Docket Entry No. 12) is **GRANTED**. To avoid the unnecessary costs of refiling her complaint, Plaintiff's motion to transfer is **GRANTED**. 28 U.S.C. §1631. The Clerk shall transfer the file on this action to the Federal Claims Court.

This is the final order in this action.

It is so **ORDERED**.

Entered this the _____ day of November, 2010.

WILLIAM J. HAYNES, Jr.
United States District Judge